IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 20, 2008

## STATE OF TENNESSEE v. ANTONIO MAURICE BATTS

**Appeal from the Criminal Court for Davidson County**
**No. 2006-A-636    Steve Dozier, Judge**

---

**No. M2007-02269-CCA-R3-CD - Filed October 6, 2008**

---

The defendant, Antonio Maurice Batts, pleaded guilty in the Davidson County Criminal Court to one count of aggravated assault in exchange for a six-year sentence, with the manner of service of the sentence to be determined by the trial court. The trial court ordered a fully incarcerative sentence, and the defendant now appeals. Because the record supports the denial of probation, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Jeffrey Devasher (on appeal), and John Gichner and C. Dawn Deaner (at trial), Assistant Public Defenders, for the appellant, Antonio Maurice Batts.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Anderson and Amy Eisenbeck, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

A Davidson County Criminal Court grand jury indicted the defendant, Antonio Maurice Batts, on one count of aggravated robbery based upon an August 9, 2005 altercation with the victim, Adrian Wilson. On July 12, 2007, the defendant entered a plea of guilty to a reduced charge of aggravated assault in exchange for a six-year sentence, the manner of service of which was

to be determined after a sentencing hearing.[1] The State offered the following factual basis at the plea submission hearing:

> On August the ninth, two thousand and five (August 9, 2005), in the evening time, Adrian Wilson was walking down Fourteenth Avenue North, here in Nashville, Davidson County.
>
> Claude Knight was walking next to him. The defendant was on a porch. When he saw Mr. Wilson[,] he left the porch and came through a yard area and approached Mr. Wilson and Mr. Knight.
>
> The defendant had a weapon in his hand. He approached and made statements about Mr. Wilson giving him money, requesting money from Mr. Wilson.
>
> There is a controversy. The defendant states that Mr. Wilson owed him money, Mr. Wilson states that he . . . did not owe him money.
>
> However, the defendant did have a nine millimeter handgun in his hand as he made this request. And when Mr. Wilson refused to give him any money[,] the defendant fired his weapon into the ground.
>
> A shell casing was found at the location by the Metro Police officers who responded to Mr. Wilson's nine-one-one phone call.
>
> The defendant did take the twenty dollars that Mr. Wilson had in his possession.

Based upon this factual statement, the trial court accepted the defendant's plea and scheduled a sentencing hearing to determine the manner of service of the six-year, agreed sentence.

The defendant offered no proof at the August 31, 2007 sentencing hearing but nevertheless asked the trial court to suspend his entire sentence. As support for a probationary sentence, the defendant asked the trial court to consider that he "did enter a best interests plea" and

---

[1] The record establishes that the defendant entered his guilty plea under the terms of *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970), wherein the United States Supreme Court held that a criminal defendant may enter a guilty plea without admitting guilt if the defendant intelligently concludes that his best interests would be served by a plea of guilty.

that he will remain incarcerated until the completion of a previously imposed sentence in 2009. At the conclusion of the hearing, the trial court ordered a fully incarcerative sentence, finding that incarceration was necessary because the defendant "has a long history of criminal conduct" and "probation [was] revoked on the prior aggravated assault, probation [was] revoked on the prior felony drug conviction."

On appeal, the defendant challenges the denial of full probation. He contends that the trial court erred by ordering continuous confinement in the absence of a finding that incarceration would have a deterrent effect. The State asserts that a fully incarcerative sentence is appropriate. We agree with the State.

When a defendant challenges the manner of service of a sentence, this court generally conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. *Id*. If the review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the guilty plea and sentencing hearings, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant made on his behalf about sentencing, and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210(a), (b); -103(5); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

Because, in this instance, the sentence imposed is ten years or less, the trial court was required to consider probation as a sentencing option. *See* T.C.A. § 40-35-303(a), (b). Nevertheless, the defendant bears the burden of establishing his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b); *State v. Bingham*, 910 S.W.2d 448, 455-56 (Tenn. Crim. App. 1995), *overruled in part on other grounds by State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). In consequence, the defendant must show that probation will "subserve the ends of justice and the best interest[s] of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 297 S.W.2d 78, 81 (1956)), *overruled on other grounds by Hooper*, 29 S.W.3d at 9-10. Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record,

social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

Here, the record establishes that at the time of the sentencing hearing, the 29-year-old defendant had three prior felony convictions and one prior misdemeanor conviction. At the time of the offense, the defendant was on parole from a 1999 conviction of aggravated robbery. In addition to the parole revocation that resulted from the conviction in this case, the record establishes that the defendant had never successfully completed a sentence involving release into the community as each of his previous probationary terms had ended in revocation. The defendant largely refused to cooperate with the preparation of the presentence report and, as a result, no employment history is listed. Given the defendant's criminal history and failure to comply with any previous sentence involving release, the trial court did not err by ordering a fully incarcerative sentence. *See* T.C.A. § 40-35-103(1)(A), (C).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE