# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 14, 2009

## STATE OF TENNESSEE v. CARLOS COOPER

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-436     Roy B. Morgan, Jr., Judge**

---

**No. W2008-01119-CCA-R3-CD  - Filed July 15, 2009**

---

The defendant, Carlos Cooper, appeals from the judgment of the Madison County Circuit Court, revoking his probation and reinstating his original sentence of eight years. Following our review, we affirm the judgment of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Joseph T. Howell (on appeal), Jackson, Tennessee, and Susan D. Korsnes (at trial), Assistant Public Defender, Jackson, Tennessee, for the appellant, Carlos Cooper.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazelhurst, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record in the instant case reflects that on January 2, 2008, the defendant pleaded guilty to attempting to acquire, by fraud, a controlled substance, and possession of .5 grams or more of cocaine with the intent to deliver it. *See* Tenn. Code Ann §§ 53-11-402(b)(2); 39-17-417. On February 25, 2008, the defendant received an effective eight-year sentence, suspended to probation with the Madison County Department of Community Corrections. Subsequently, on April 15, 2008, a probation violation warrant was issued alleging that the defendant violated the terms of his probation as follows: the defendant failed to obtain permission before leaving the State of Tennessee; and the defendant failed to remain free from arrest as he was arrested in Tulsa, Oklahoma, on March 13, 2008, and charged with committing assault with a dangerous weapon, no driver's license, no proof of liability insurance, and speeding over the posted limit. Thereafter, a probation revocation hearing was held. At the hearing, the defendant admitted to the allegations listed in the probation violation warrant. Following the defendant's admission, the court requested argument from the

parties. In the course of presenting argument, defense counsel related that the defendant had been arrested in Tulsa, Oklahoma. However, counsel submitted that the defendant was required to be in Oklahoma to aid his ailing father and that the defendant had tried to contact his probation officer prior to leaving Tennessee but was unsuccessful. Counsel insisted that the defendant "did everything he could to get . . . permission before he left to go but no one would return his call."

When questioned by the trial court, the defendant acknowledged that he had brothers and sisters in Oklahoma, but he insisted that he was the oldest in the family and his father asked him to come and drive him to and from dialysis treatment. The defendant explained that the medication his father took as part of the dialysis treatment rendered him incapable of driving. The defendant claimed that other than his father, he was the only person who could drive. The defendant asserted that both he and his fiancée attempted to contact his probation officer a number of times before and after he left for Oklahoma. In rebuttal, Cynthia Cooper, the defendant's probation officer, stated that the first time she learned of the defendant's departure from the State of Tennessee was after his fiancée called to tell her that he had been arrested.

At the conclusion of the hearing, the trial court made the following findings:

> Based upon the admission of Mr. Carlos Cooper, the Court finds that he has violated his probation as stated in the warrant. Again, he's admitted it under oath and had the advice of counsel. The Court has considered this case, the serious charges for which he pled guilty . . . January 8th of this year. I first got [the defendant's] case back in . . . August 6th when he first appeared before me, and we moved it along slower than some trying to work with this young man. He was living [in] Shelby County in November[;] I noted and he couldn't drive and that was part of the problem. We had evaluations done.

> At this point in time, I cannot accept the excuses. I do not find under these circumstances that he was justified in leaving Tennessee without permission. I am going to revoke him to serve sentence as originally imposed. He is not a proper candidate to continue on probation.

## ANALYSIS

In this appeal, the defendant contends that the trial court erred in revoking his probation and reinstating his original sentence.

The essential question facing the trial court in a probation revocation proceeding is whether the court's determination will subserve the ends of justice and the best interest of both the public and the probationer. *See Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956). The decision to revoke probation lies in the sound discretion of the trial court. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310, 311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial

court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has "exercised conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *Leach*, 914 S.W.2d at 107. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins,* 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

While the defendant claims error in the revocation of his probation, the defendant admitted under oath that he violated the terms and conditions of his probation. Therefore, the record supports the trial court's findings. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering him to serve his original sentence in confinement.

## CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE