IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2012

## STATE OF TENNESSEE v. KENNETH NATHANIEL JONES

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 274740      Rebecca J. Stern, Judge**

_____

**No. E2011-02621-CCA-R3-CD - Filed May 4, 2012**

_____

The Defendant, Kenneth Nathaniel Jones, pled guilty to facilitation of aggravated robbery, and the trial court sentenced him to four years, to be served on probation. The Defendant's probation officer filed a probation violation warrant, alleging that the Defendant had violated the terms of his probation. After a hearing, the trial court revoked the Defendant's probation and ordered that he serve eleven months and twenty-nine days in confinement and then return to probation for the remainder of his sentence. On appeal, the Defendant contends that the trial court erred when it revoked his probation because his violations were "technical" in nature. Further, he asserts the trial court erred when it imposed jail time because this was his first petition of revocation filed against him. After reviewing the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, Jr., J., joined. JERRY L. SMITH, J., not participating.

Ardena J. Garth, District Public Defender, and Richard Kenneth Mabee and William Hall, Assistant District Public Defenders, Chattanooga, Tennessee, for the appellant, Kenneth Nathaniel Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, III, District Attorney General; and Blake Murchison, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

# I. Facts and Background

A Hamilton County grand jury indicted the Defendant on charges of aggravated robbery and conspiracy to commit aggravated robbery. On August 2, 2010, the Defendant pled guilty to facilitation of aggravated robbery, a Class C felony, and agreed to a four-year sentence, with the trial court to determine the manner in which that sentence would be served. After a hearing, the trial court ordered the Defendant to serve his sentence on probation.

On October 3, 2011, the Defendant's probation officer filed a probation violation report in which he alleged that the Defendant had violated his probation in the following ways: traveling outside the county without consent; failing to report on several occasions; testing positive for drugs; admitting to using marijuana on several occasions; failing to pay court costs; and failing to provide a DNA sample. At the hearing on the Defendant's probation violation, the Defendant's probation officer, Yukito Howard, testified that he filed a probation violation report against the Defendant for technically violating his probation. Officer Howard said that the Defendant had failed seven drug screens in the fourteen months that he had been on probation. Further, the Defendant had failed to comply with his administrative case review board twice, the first time by failing to report and the second time by failing to comply with his alcohol/drug evaluation as directed. Then, after the Defendant had completed Council for Alcohol and Drug Abuse Services ("CADAS") treatment on September 19, 2011, he was screened by the administrative case review board on September 20, 2011, and tested positive for drugs. Howard said that fifty percent of the Defendant's tests indicated positive for marijuana use.

On cross-examination, Officer Howard conceded that the Defendant had not received any other arrests while on probation and had been employed throughout the duration of his probation. The officer stated that the Defendant had reported every month but that eighty percent of the time he rescheduled his appointments or he missed the appointments and subsequently called to reschedule.

Darlene Smith, the Defendant's mother, testified that she was aware of the Defendant's problems with drugs and alcohol. She said that she too had suffered similar issues but that she had been "recovered" for fourteen years. Smith said the Defendant was living with her at the time that the probation officer filed the probation violation report. She said that she "saw the problem way before he committed the act" and attempted to point it out to the Defendant. Smith said that she, her husband, and other family members were present at the hearing to show support for the Defendant. She recounted how the Defendant had been employed during his probation and how he could return to that employment if he were returned to probation.

Smith offered to assist the Defendant in getting help for "the disease." She expressed her willingness to inform the Defendant's probation officer if the Defendant experienced a relapse in the future. Smith said the Defendant did not take seriously his first attempt at recovery through CADAS.

On cross-examination, Smith testified that the Defendant had lived with her when he committed the felony for which he was on probation and also when he violated his probation. She said she was aware that the Defendant had failed his drug screens while he was on probation because she had seen the letters in the mail reporting that he had failed the test and because she had observed him with bloodshot eyes.

Based upon this, the trial court found:

> . . . I understand addiction quite well. I'm not going to make him serve the whole four years because most of this is drug related and addiction related. But also in recovery we find that we must pay the consequences of our choices. Right? Behavior and choices lead to consequences. So he's going to serve 11/29 in the workhouse. Then the remainder's going to be on maximum probation with electronic monitoring and drug screens. Also he must do a minimum of three AA or NA meetings per week and keep a meeting sheet with signatures or initials like where the meeting is, what time the meeting is, and have [it] initialed by the meeting chairperson. And he must report to the probation on the schedule they order, not on missing and trying to make up or rescheduling. He's got to be able to go when they tell him to go. If not then he just really can't be on probation if he can't be on their schedule.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it revoked his probation because his violations were "technical" in nature. Further, he asserts the trial court erred when it imposed jail time because this was the first petition of revocation filed against him. The State counters that there is ample evidence in the record to support the trial court's findings.

In Tennessee, the procedure for a revocation of probation is covered in Tennessee Code Annotated section 40-35-311. The statute provides as follows:

Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this State or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant as in any other criminal case. Regardless of whether the defendant is on probation for a misdemeanor or a felony, or whether the warrant is issued by a general sessions court judge or the judge of a court of record, such warrant may be executed by a probation officer or any peace officer of the county in which the probationer is found.

T.C.A. § 40-35-311(a) (2010).

The essential question facing the trial court in a probation revocation proceeding is whether the court's determination will subserve the ends of justice and the best interest of both the public and the probationer. *See Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956). When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. T.C.A. § 40-35-311(e) (2010). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); *see* T.C.A. §§ 40-35-308, -310, -311 (2010). The defendant has the right to appeal the revocation of his probation and entry of his original sentence. T.C.A. § 40-35-311(e)(2) (2010). After finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." T.C.A. § 40-35-311(e)(1) (2010); *accord Hunter*, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement). Furthermore, when probation is revoked, the trial court may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension . . . ." T.C.A. § 40-35-310(a) (2010).

Because Tennessee law permits the trial court to revoke probation only upon finding, by preponderance of the evidence, that the defendant has violated the terms of his or her probation, this Court will not disturb the trial court's determination absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011), *perm. app. denied* (Tenn. Oct. 18, 2011); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). A finding of abuse of discretion "reflects that the trial court's logic and reasoning was improper when viewed in light of the factual

circumstances and relevant legal principles involved in a particular case." *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case presently before us, the Defendant does not contest that he violated his probation by failing to report as scheduled and by failing drug screens. Further, a preponderance of the evidence clearly shows that he violated the terms of his probation. The Defendant argues, however, that the trial court should have returned him to probation because his violations were "technical" in nature. According to our standard of review, in order for this Court to conclude that the trial court abused its discretion in a revocation case, the record must be void of any substantial evidence that a violation of the conditions of probation occurred. *See Harkins*, 811 S.W.2d at 82. The record herein clearly supports the trial court's finding that the Defendant violated his probation. Further, once the trial court has found that a defendant has violated the terms of his or her probation, it is vested with the statutory authority to revoke the probation and order him to serve some or all of his original sentence in confinement followed by probation. *Hunter*, 1 S.W.3d at 644. Under these circumstances, we find no abuse of discretion in the trial court's revocation of the Defendant's probation and its ordering the Defendant to serve eleven months and twenty-nine days in confinement followed by a return to probation. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based on the above mentioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE