IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

**STATE OF TENNESSEE v. JONATHAN RADFORD**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 274670   Don W. Poole, Judge**

---

**No. E2012-00323-CCA-R3-CD - Filed August 22, 2012**

---

The Defendant, Jonathan Radford, pled guilty to two counts of facilitation of aggravated robbery. Pursuant to the plea agreement, the trial court sentenced the Defendant, as a Range I offender, to two concurrent five-year sentences and ordered him to serve eleven months and twenty-nine days in confinement, with the remainder to be served on supervised probation. The Defendant's probation officer filed a probation violation report, the second such report filed against the Defendant. After a hearing, the trial court revoked the Defendant's probation for a second time and ordered that he serve the balance of his sentences in confinement. On appeal, the Defendant contends that the trial court erred when it revoked his probation. After reviewing the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Richard Kenneth Mabee (on appeal) and Anna Protano-Biggs (at trial), Chattanooga, Tennessee, for the appellant, Jonathan Radford.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Procedural Background and Facts**

This case arises from the Defendant's actions that resulted in his second probation violation. A Hamilton County grand jury indicted the Defendant for two counts of aggravated robbery. On July 1, 2010, the Defendant pled guilty to two counts of facilitation of aggravated robbery, a Class C felony. Pursuant to the plea agreement, the trial court sentenced the Defendant to two concurrent five-year sentences. The trial court ordered the Defendant to serve eleven months and twenty-nine days of the sentence, with the remainder to be served on supervised probation. On March 15, 2011, the Defendant's probation officer filed a probation violation report, alleging that the Defendant had violated the terms of his probation. After a hearing, the trial court revoked the Defendant's probation, ordered him to serve another eleven-months and twenty-nine days in confinement, and ordered that the Defendant then be released to supervised probation for the remainder of his sentence.

On December 13, 2011, the Defendant's probation officer filed a second probation violation report, alleging the following: (1) the Defendant failed to provide proof of employment; (2) he failed to report a change of address; (3) he failed to report to his scheduled office visits; (4) he missed several curfew checks; (5) he failed to pay on his restitution; and (6) he failed to submit his DNA. At the hearing on the Defendant's probation violation, the Defendant's probation officer, Richard Irvin, testified that he filed a probation violation report because the Defendant "missed his curfew and stopped reporting again." Officer Irvin confirmed that the Defendant had previously violated his probation, served eleven months and twenty-nine days as a result of his violation, and was released back onto probation. Officer Irvin testified that, after the Defendant was released back onto probation, he was not home for the first curfew check. Officer Irvin explained that he visited the address that the Defendant "put on his monthly reporting form," which "was the address that he was supposed to be at . . . ." The officer spoke with the Defendant's mother at the first curfew check, and his mother said that the Defendant "hadn't been home in a couple of days." Officer Irvin stated that he attempted subsequent curfew checks, and "nobody answered the door." Officer Irvin testified that, in addition, the Defendant failed to report on his scheduled report dates. The officer stated that, because the Defendant failed to report, he also missed a scheduled DNA test, which was to be done at the probation office.

On cross-examination, Officer Irvin acknowledged that, after the Defendant's return to probation, he reported on his first two report dates.

The Defendant admitted that "this [was] not his first [probation] revocation." He further admitted that he violated his probation, as alleged in the probation violation report. The Defendant claimed that he violated his probation because of a misunderstanding with his mother. The Defendant testified that his mother took a "mental health medication," and it was "difficult" for him to live in the home when his mother did not take the medication as directed. The Defendant said that he did not explain the situation to Officer Irvin. He stated

that he would communicate with his probation officer if the trial court placed him back on probation.

Regarding the curfew checks, the Defendant testified that he was not at his home because his mother "kicked [him] out." He stated that he went "[r]ight around the corner to [his] grandmother's house." The Defendant said that he knew about the curfew checks, and he called Officer Irvin to "let him know [he] was going to be a little late." The Defendant said that Officer Irvin told him that he was in violation of his probation. The Defendant testified that, because Officer Irvin told him that he was in violation of his probation, he decided not to report at his next report date. He further testified that the officer did not explain to him that the DNA test would occur at his scheduled report appointment. The Defendant, however, stated that he was "starting to understand what it requires to be on state probation." He testified that he was "trying to get a job." The Defendant explained to the trial court that he "wasn't trying to do nothing wrong" and had "been staying out of trouble."

On cross-examination, the Defendant admitted that he did not pay restitution as ordered by the trial court. He also admitted that he did not provide a DNA sample. The Defendant acknowledged that his prior revocation was based on curfew violations. The Defendant admitted that, even after a second opportunity to be on probation, he continued to violate the curfew. The Defendant stated that he thought he just had to "stay out of trouble" on probation, but he admitted that his probation officer explained the curfew rules to him when the trial court first placed him on probation.

Based upon this evidence, the trial court found, "by a preponderance of the evidence that [the Defendant] ha[d] violated the terms of his probation again, he ha[d] missed curfew, he stopped reporting, [and] he didn't give his DNA . . . ." The trial court noted that it had discussed the importance of those requirements with the Defendant during the hearing on the Defendant's previous probation violation. Further, because the trial court had previously revoked the Defendant's probation, it highlighted that the Defendant had failed to comply with measures less restrictive than confinement. As a result, the trial court ordered the Defendant to serve his five-year sentences in confinement.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it revoked his probation sentence because his violations were "technical" in nature, and he received no "new arrests." Further, he asserts that the trial court erred because the order of incarceration was "excessive" in comparison to his violations. The State counters that the Defendant

admitted that he violated the terms of his probation, which "constitutes substantial evidence supporting [the trial court's] finding." As a result, the State argues that the trial court did not abuse its discretion by ordering the Defendant to serve his sentence in confinement. We agree with the State.

In Tennessee, the procedure for a revocation of a probation sentence is covered in Tennessee Code Annotated section 40-35-311. The statute provides as follows:

> Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this State or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant as in any other criminal case. Regardless of whether the defendant is on probation for a misdemeanor or a felony, or whether the warrant is issued by a general sessions court judge or the judge of a court of record, such warrant may be executed by a probation officer or any peace officer of the county in which the probationer is found.

T.C.A. § 40-35-311(a) (2010).

The essential question facing the trial court in a probation revocation proceeding is whether the trial court's determination will subserve the ends of justice and the best interest of both the public and the probationer. *See Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956). When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. T.C.A. § 40-35-311(e) (2010). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); *see* T.C.A. §§ 40-35-308, -310, -311 (2010). The defendant has the right to appeal the revocation of his probation and entry of his original sentence. T.C.A. § 40-35-311(e)(2) (2010). After finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." T.C.A. § 40-35-311(e)(1) (2010); *accord Hunter*, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement). Furthermore, when probation is revoked, the trial court may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension . . . ." T.C.A. § 40-35-310(a) (2010).

-4-

Because Tennessee law permits the trial court to revoke probation only upon finding, by preponderance of the evidence, that the defendant has violated the terms of his or her probation, this Court will not disturb the trial court's determination absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011), *perm. app. denied* (Tenn. Oct. 18, 2011); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). A finding of abuse of discretion "reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case presently before us, the Defendant does not contest that he violated his probation by failing to report as scheduled and by missing his curfew. Further, a preponderance of the evidence clearly shows that he violated the terms of his probation. The Defendant argues, rather, that the trial court should have returned him to probation because his violations were "technical" in nature and that received no "new arrests." The record herein, however, supports the trial court's finding that the Defendant violated his probation. In addition, the record shows that measures less restrictive than confinement had recently been applied unsuccessfully to the Defendant. *See* T.C.A. 40-35-103(1)(C) (2010). Therefore, once the trial court has found that a defendant has violated the terms of his or her probation, it is vested with the statutory authority to revoke the probation and order him to serve some or all of his original sentence in confinement followed by probation. *Hunter*, 1 S.W.3d at 644. Under these circumstances, we find no abuse of discretion in the trial court's revocation of the Defendant's probation and its ordering the Defendant to serve his concurrent five-year sentences in confinement. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based on the above mentioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE