IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 23, 2012 at Knoxville

**STATE OF TENNESSEE v. MISTY LYNN NANNEY**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 41100625, 41100745       John H. Gasaway, III, Judge**

**No. M2012-00948-CCA-R3-CD - Filed December 28, 2012**

The Defendant, Misty Lynn Nanney, pled guilty to one count of theft of property valued at more than $500 but less than $1,000, a Class E felony; one count of forgery, a Class E felony; one count of possession with intent to sell less than .5 grams of cocaine, a Class C felony; two counts of possession of drug paraphernalia, a Class A misdemeanor; and one count of tampering with evidence, a Class C felony. See Tenn. Code Ann. §§ 39-14-103, -14-105(a)(2), -14-114, -16-503, -17-417(c)(2)(A), -17-425(a).  Following a sentencing hearing, the Defendant received an effective eight-year sentence to be served in confinement. In this appeal as of right, the Defendant contends that the trial court erred by denying her request for probation.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Christopher G. Clark, Clarksville, Tennessee (at guilty plea and sentencing hearings); and Gregory D. Smith, Clarksville, Tennessee (on appeal), for the appellant, Misty Lynn Nanney.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

While released on parole in an unrelated matter, the Defendant was arrested in March 2011 and charged with three counts of aggravated burglary, three counts of theft of property

valued at $1,000 or more but less than $10,000, and one count of forgery.[1] See Tenn. Code Ann. §§ 39-14-103, -105(a)(3), -114, -403. The Defendant was released on bond and subsequently arrested and charged with possession with intent to sell .5 grams or more of cocaine, possession with intent to deliver .5 grams or more of cocaine, two counts of possession of drug paraphernalia, simple possession of alprazolam, and tampering with evidence.[2] See Tenn. Code Ann. §§ 39-16-503, -17-412, -17-417, -17-418, -17-425.

On February 2, 2012, the Defendant entered into a plea agreement with the State. The Defendant agreed to plead guilty to forgery and theft of property valued at more than $500 but less than $1,000 in case 41100625. In case 41100745, the Defendant agreed to plead guilty to one count of possession with intent to sell less than .5 grams of cocaine, two counts of possession of drug paraphernalia, and one count of tampering with evidence. The State agreed to dismiss the Defendant's remaining charges. Pursuant to the plea agreement, the sentences in case 41100625 were to be served concurrently to one another but consecutively to the sentences in case 41100745. Likewise, the sentences in case 41100745 were to be served concurrently to one another but consecutively to the sentences in case 41100625. Both sentences were to be served consecutively to a sentence the Defendant was currently serving for an unrelated offense. Pursuant to the plea agreement, the trial court would determine the sentence length and manner of service.

At the guilty plea submission hearing, the following factual basis was submitted for the guilty pleas: With respect to case 41100625, it was established that the Defendant was caught at a local business attempting "to sell certain property . . . that had been stolen from a house." The Defendant was also "captured on surveillance" at a local bank "attempting to pass [a] forged" check. With respect to case 41100745, it was established that the Defendant was observed by a police officer "sitting in her car" in front of a known "crackhouse." The officer searched the Defendant and found "a small vial with . . . 2.3 grams of crack cocaine . . . in her pocket." The officer also found two "crack pipes" during the search. After her arrest, the Defendant "attempted to flush . . . some of the drugs" while she was at the police station.

The State's only evidence at the April 5, 2012 sentencing hearing was the Defendant's presentence report. The report showed that the Defendant had been previously convicted eight times for various charges of cocaine possession in Tennessee and Florida. The Defendant had also been convicted twice for credit card fraud and once for burglary. Additionally, the Defendant had been convicted of escape in both Tennessee and Florida.

---

[1]These offenses were docketed as case number 41100625 in the trial court.

[2]These offenses were docketed as case number 41100745 in the trial court.

The report also showed that the Defendant had been placed on probation, community corrections, and parole on several occasions, and that she had repeatedly violated the terms and conditions of those alternative sentences.

The Defendant testified at the sentencing hearing that she was currently serving a ten-year sentence for possession of cocaine with intent to sell. According to the Defendant, she had recently "turn[ed] down [her] parole" in that case because she felt that "the additional time off the streets and in jail" would help her "accomplish a positive and clean life." The Defendant testified that she anticipated that her current sentence would expire sometime in 2014. According to the Defendant, she had been incarcerated for a year, and this was her longest period of sobriety since she was eighteen-years-old. The Defendant testified that, having been sober for a year, she could now "think better." The Defendant also testified that she had been diagnosed with bi-polar disorder, which was being treated with medication while she was incarcerated. The Defendant testified that the medication made her "feel like a responsible person."

The Defendant testified that she was "embarrassed by [her past] actions" and apologized because she had "disrespected the court system for so many years." The Defendant also testified that she did not "deserve for [her family] to still be standing by" her, but she was thankful for their continued support. The Defendant claimed that if she were released on probation, this time would be "different" because she was on medication and had "a clear mind." The Defendant complained that she was almost forty and that her "time [was] running out." The Defendant testified that if she were "given one more chance" she would be successful because she hated "that drug life as much as [she] thought [she] loved it at one time." The Defendant admitted that she had been convicted of numerous crimes, that she had previously been released on probation, and that she had previously violated the terms of her release. The Defendant claimed that she was under the influence of drugs, usually cocaine, for every crime she had ever committed.

Aaron Eugene Mayberry testified on the Defendant's behalf. Mr. Mayberry testified that he was an associate pastor at Clarksville International Church. Mr. Mayberry first met the Defendant in 2002 at her mother's house. Mr. Mayberry testified that he had noticed a "tremendous change" in the Defendant during the previous year. According to Mr. Mayberry, the Defendant was very remorseful for her past crimes and wanted to know "how she [could] better herself." Mr. Mayberry also testified that if the Defendant were released on probation she would have a support group at his church and that he would meet with her on a weekly basis.

The Defendant's mother, Yvonne Nanney, also testified on her behalf. Ms. Nanney testified that her daughter "has had a long battle with cocaine" addiction. Ms. Nanney

claimed that her daughter was "different" now because she was "on medication and trying and has remorse and a feeling in her heart." Ms. Nanney testified that once the Defendant had been on her bi-polar medication for a month, she "could begin to see a difference . . . and it has continued to grow." Ms. Nanney also testified that if the Defendant were released on probation, she would "be there for her" and the Defendant would have support from her church.

The trial court sentenced the Defendant to an effective two-year sentence as a Range II, multiple offender in case 41100625 and to an effective six-year sentence as a Range II, multiple offender in case 41100745. In accordance with the plea agreement, the trial court ordered that the two sentences run consecutively for a total effective sentence of eight years. The trial court denied the Defendant's request for probation and ordered that her sentence be served in confinement. In doing so, the trial court noted that the Defendant "has had a very unsuccessful history when placed on a release status." The trial court explained that the Defendant had been unsuccessful when placed in rehabilitation, probation, and community corrections in the past and that "[e]very feasible form of punishment [had] been utilized" to no effect. The trial court concluded that "measures less restrictive than confinement [] have been ordered on a number of occasions . . . and [the Defendant] simply has not been able to comply." The trial court also noted that the Defendant had a long criminal history and she had "committed multiple thefts [and] forgeries" that "had people victimized." The trial court concluded that confinement was necessary to protect society from the Defendant. The trial court also determined that confinement was necessary to avoid depreciating the seriousness of the offense because the Defendant had committed these offenses while on parole for another offense.

## ANALYSIS

On appeal, the Defendant does not challenge the length or the consecutive nature of her sentences. Instead, the Defendant contends that the trial court erred by denying her request for probation. The Defendant argues that the trial court failed to take into account her "change of attitude" and that she is willing to rehabilitate herself. The State responds that the trial court considered all of the necessary factors and properly denied the Defendant's request based upon the Defendant's criminal history and the fact that measures less restrictive than confinement had frequently and recently been unsuccessfully applied to the Defendant.

Our supreme court recently clarified that a trial court's decision to grant or deny "probation or any other alternative sentence" is reviewed on appeal using an "abuse of discretion standard, accompanied by a presumption of reasonableness." State v. Christine Caudle, --- S.W.3d ---, No. M2010-01172-SC-R11-CD, 2012 WL 5907374, at *5 (Tenn. Nov. 27, 2012). As such, this court may not disturb a sentence, even if a different result were

preferred, so long as the sentence was within the appropriate statutory range and the purposes and principles of the Criminal Sentencing Reform Act of 1989 "have been properly addressed" by the trial court. State v. Susan Renee Bise, --- S.W.3d ---, No. E2011-00005-SC-R11-CD, 2012 WL 4380564, at *16-19 (Tenn. Sept. 26, 2012). The purposes of the Criminal Sentencing Reform Act include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," the prevention of crime and promotion of respect for the law, "[p]roviding an effective general deterrent to those likely to violate the criminal laws of this state," restraining defendants "with a lengthy history of criminal conduct," and encouraging effective rehabilitation of defendants when "reasonably feasible." Tenn. Code Ann. § 40-35-102. On appeal, the burden is on the Defendant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Comm'n Cmts.

In determining a defendant's suitability for alternative sentencing, the trial court should consider the following principles:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

The Defendant was eligible for probation because the "sentence actually imposed upon [her was] ten (10) years or less." Tenn. Code Ann. § 40-35-303(a). Thus, the trial court was required to automatically consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(b). However, no criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). The defendant has the burden of establishing his or her suitability for full probation. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant must demonstrate that probation

-5-

will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000). Additionally, the Defendant was not considered to be a favorable candidate for alternative sentencing under the Sentencing Act because she was classified as a Range II, multiple offender. Tenn. Code Ann. § 40-35-102(6) (limiting the consideration as a favorable candidate for alternative sentencing to especially mitigated or standard offenders convicted of Class C, D, or E felonies and "in the absence of evidence to the contrary").

There is nothing in the record to suggest that the trial court abused its discretion by denying the Defendant probation. The trial court sentenced the Defendant to the minimum in-range sentence in both cases. The trial court also thoroughly considered the principles and purposes of the Criminal Sentencing Reform Act. The Defendant had a lengthy criminal history dating back to 1993, including eight prior convictions for cocaine possession. The Defendant had also been convicted twice for credit card fraud, twice for escape, and once for burglary. Accordingly, the trial court was within its discretion to conclude that confinement was "necessary to protect society by restraining a defendant who has a long history of criminal conduct." See Tenn. Code Ann. § 40-35-103(1)(A). Additionally, the Defendant had committed numerous parole, probation, and community corrections violations. The Defendant was on parole in an unrelated case when she was arrested and charged in case 41100625. While on bond in case 41100625, the Defendant was arrested and charged in case 41100745. Therefore, measures less restrictive than confinement had been frequently and recently applied to the Defendant without success. See Tenn. Code Ann. § 40-35-103(1)(C). Accordingly, we conclude that the trial court was well within its discretion to deny the Defendant's request for probation.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE