# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 15, 2013

## STATE OF TENNESSEE v. LESLIE DAWN HURST

**Appeal from the Circuit Court for Sevier County**
**Nos. 16562, 16595, 16847, 16975, 17080, 17136, & 17137     Richard R. Vance, Judge**

---

**No. E2012-01448-CCA-R3-CD - Filed December 19, 2013**

---

The Defendant, Leslie Dawn Hurst, pled guilty to seven counts of theft of property valued at $500 or less, a Class A misdemeanor; one count of possession of drug paraphernalia, a Class A misdemeanor; and one count of failure to appear, a Class E felony. See Tenn. Code Ann. §§ 39-14-103, -14-105, -16-609, -17-425. The trial court imposed an effective sentence of four years, eleven months, and twenty-six days to be served in confinement. In this appeal as of right, the Defendant contends (1) that the trial court erred in denying her request for alternative sentencing and (2) that the trial court erred by imposing partial consecutive sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Charles C. Harrison, Jr., Pigeon Forge, Tennessee, for the appellant, Leslie Dawn Hurst.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; James B. Dunn, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The Defendant pled guilty to the offenses listed above on May 1, 2012. The State provided the following factual basis in support of the Defendant's guilty pleas: On February 11, 2011, the Defendant was caught at a local grocery store concealing "steak and facial cleanser" in her purse and attempting to leave without paying for those items. On February

22, 2011, the Defendant was observed by employees of the same grocery store concealing merchandise and leaving the store without paying for that merchandise. On May 2, 2011, the Defendant was asked to leave a local retail store when the employees suspected her of shoplifting. After leaving the store, the Defendant's vehicle was stopped by the police, and a search of the vehicle revealed stolen merchandise from three different retail stores.

On July 6, 2011, the Defendant was found in possession "of a burnt spoon with residue and a syringe." On November 13, 2011, the Defendant was suspected of shoplifting from a local retail store. Her vehicle was stopped near the store and searched. The search revealed "coffee pots" that had been taken from the store. On December 5, 2011, the Defendant failed to appear in court for her arraignment on the July 6, 2011 charge of possession of drug paraphernalia. Finally, on January 5, 2012, the Defendant ate at a local restaurant and left without paying for her food.

At the Defendant's sentencing hearing, Officer Paul Laymon of the Sevierville Police Department testified that shoplifting was a major problem in the county and a huge expense for local businesses. Officer Laymon also testified that the Defendant was on a watch list of habitual shoplifters that had been given to local businesses and had been banned from several area stores. According to Officer Laymon, it was common for drug users to steal steaks from area grocery stores to sell to restaurants in order to fund their drug habits. On both February 11 and 22, 2011, the Defendant was caught attempting to steal steaks from a local grocery store.

The Defendant admitted that she had seven prior convictions for theft of property valued at $500 or less, as well as convictions for criminal trespass and simple possession of less than .5 grams of cocaine. The Defendant also had probationary sentences revoked on two previous occasions. The Defendant further admitted that she was on probation for a theft conviction when she committed all of the offenses after July 1, 2011. The Defendant also admitted that she had stolen from stores before and had not been caught, but she was unable to recall how many times she had gotten away with shoplifting.

The Defendant testified that she had a drug problem and that she was intoxicated when she committed these offenses. The Defendant further testified that her only attempt to receive help for her drug problem was a twenty-eight-day treatment program she had attended approximately two years before the sentencing hearing. The Defendant claimed that the drug paraphernalia she was found with on July 6, 2011, did not belong to her. With regards to the failure to appear conviction, the Defendant testified that she was confused about what date she needed to be in court. The Defendant admitted that she had missed an earlier court date and testified that she probably would not have come to the December 5 arraignment even if she had known about it.

At the conclusion of the sentencing hearing, the trial court sentenced the Defendant to eleven months and twenty-nine days to be served at seventy-five percent for all of the misdemeanor convictions and one year to be served at thirty percent for the felony conviction. With respect to the Defendant's request for alternative sentencing, the trial court stated the following:

> [The Defendant] has an extensive history of prior offenses before being arrested on these charges. Of course, these charges themselves show a pattern of criminal behavior over an extended period of time, that there are previous instances of probation violations, failure to comply with the conditions of release in the community, together with the failure to appear on these charges. In order to avoid depreciating the seriousness of these offenses, together with her previous history, probation will be denied.

The trial court then addressed whether the Defendant's sentences were to be served consecutively. The trial court concluded that partial consecutive sentences were warranted in this case "considering the [Defendant's] extensive record, the fact that these are separate offenses occurring [at] different dates and times, coupled with her previous history of multiple theft charges." The trial court ordered that the sentences for three of the theft convictions, the drug paraphernalia conviction, and the failure to appear conviction were to be served consecutively, for an effective sentence of four years, eleven months, and twenty-six days. The trial court ordered that the sentences for the four remaining theft convictions were to be served concurrently.[1]

## ANALYSIS

The Defendant contends that the trial court erred by denying her request for alternative sentencing. The Defendant argues that alternative sentencing was warranted in this case because the trial court made no findings that she had a long history of criminal conduct or that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to her. The Defendant also contends that the trial court erred by imposing partial consecutive sentences. The Defendant argues that the total effective sentence was greater than deserved for the offenses committed given the minor nature of the offenses. The

---

[1]In its sentencing decision, the trial court omitted two of the theft convictions from its listing of the consecutive and concurrent sentences. As such, these sentences are deemed to be concurrent. See Tenn. R. Crim. P. 32(c)(1) ("Unless it affirmatively appears that the sentences are consecutive, they are deemed to be concurrent.").

State responds that the trial court considered all of the relevant factors in denying the Defendant's request for an alternative sentence and that consecutive sentences were warranted given the Defendant's extensive criminal history.

*I. Alternative Sentencing*

On appeal, the burden is on the defendant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Cmts. Our supreme court has held that an "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

The Defendant was eligible for probation because the "sentence actually imposed upon [her was] ten (10) years or less." Tenn. Code Ann. § 40-35-303(a). Thus, the trial court was required to automatically consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(b). However, no criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). The defendant has the burden of establishing his or her suitability for full probation. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000).

In determining any defendant's suitability for alternative sentencing, the trial court should consider whether

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435,

438 (Tenn. Crim. App. 1996). Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

Here, the Defendant argues that the trial court erred by failing to make findings regarding her history of criminal conduct and whether measures less restrictive than confinement had been frequently or recently applied unsuccessfully to her. However, the record clearly belies the Defendant's argument. In denying the Defendant's request for alternative sentencing, the trial court directly stated that the Defendant's long history of criminal conduct and the fact that she had multiple past probation violations factored into its decision. In addition to the nine offenses at issue here, the Defendant had seven prior convictions for theft, as well as convictions for criminal trespass and simple possession of less than .5 grams of cocaine. The Defendant was on probation at the time she committed four of the instant offenses and had two prior probation violations. Accordingly, we conclude that the trial court did not abuse its discretion in denying the Defendant's request for alternative sentencing.

## II. Consecutive Sentences

The standard of review on the issue of consecutive sentencing is unclear under our state's current jurisprudence. Our supreme court recently clarified that appellate courts review "sentences imposed by the trial court within the appropriate statutory range . . . under an abuse of discretion standard with a presumption of reasonableness." Bise, 380 S.W.3d at 709. Our supreme court has also recently applied this standard to appellate review of "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

However, our supreme court has not issued a definitive ruling on the standard of review to be applied regarding consecutive sentencing. In response, some panels of this court are applying an abuse of discretion standard, while others are continuing to apply a de novo standard of review until instructed otherwise by our supreme court. See generally State v. Eric Demond McCathern, No. M2011-01612-CCA-R3-CD, 2012 WL 5949096, at *4-5 (Tenn. Crim. App. Nov. 16, 2012) (majority applying abuse of discretion standard of review and concurring opinion advocating de novo standard of review), perm. app. denied, (Tenn. Feb. 25, 2013).

If a defendant is convicted of more than one criminal offense, regardless of whether the offenses are felonies or misdemeanors, the trial court is required to determine whether the sentences will run consecutively or concurrently. Tenn. Code Ann. § 40-35-115(a); see

<u>also</u> Tenn. Op. Att'y Gen. 98-150 (Aug. 12, 1998).  A trial court may impose consecutive sentences if it finds by a preponderance of the evidence that the defendant "is an offender whose record of criminal activity is extensive" or that the defendant "is sentenced for an offense committed while on probation."  Tenn. Code Ann. § 40-35-115(b)(2), (6).

Consecutive sentences were warranted in this case based upon the Defendant's extensive criminal history. <u>See</u> <u>State v. Robert Smith</u>, No. W2006-00998-CCA-R3-CD, 2007 WL 162181, at *4 (Tenn. Crim. App. Jan. 23, 2007) (holding that trial courts are permitted to consider misdemeanor offenses in determining if an extensive criminal history is established), <u>perm. app. denied</u>, (Tenn. May 21, 2007).  Additionally, the Defendant was on probation at the time she committed three of the offenses at issue.  With respect to the Defendant's argument that her total effective sentence was greater than deserved for these offenses, we note that the Defendant's convictions arise from, essentially, a year-long crime spree during which she would be arrested, released, and then rearrested.  During this time, the Defendant stole from multiple victims on multiple occasions.  Based upon the foregoing and applying either standard of review, de novo or abuse of discretion, we affirm the trial court's imposition of consecutive sentences.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE