PAUL (CUE) HOOPER

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

FRANK N. BRATTON, Athens, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The case is an appeal from the revocation of a four months suspended sentence of the plaintiff in error. The plaintiff in error was convicted on April 18, 1955, of two misdemeanor offenses and sentenced to six months in the workhouse in each, which sentences were to run concurrently. The trial judge pursuant to authority vested in him by Section 40-2901, T.C.A. suspended four months of this sentence.

On October 8, 1955 notice was served on the plaintiff in error to appear before the court on October 17, to determine whether or not his parole or sentence should be revoked. This notice contained no specific statement as to how he had violated his parole and as to why it should be suspended. By motion made on October 17, by counsel for the plaintiff in error, the notice was duly amended so as to give the plaintiff in error notice that:

"The Sheriff of Bradley, County, at various times raided what is known as the Country Store in Bradley, County, and found intoxicating liquor. Each time the Defendant, Paul (Cue) Hooper, was in or at said place. The Defendant, Paul (Cue) Hooper, has admitted and boasted to the Sheriff of Bradley County, that he is in the liquor business; that he told Sheriff of Bradley County, that he was in the liquor business when the Sheriff came into office and that he would be in the business when the Sheriff went out of office. He said he was going to continue to operate in some other name. Also that the Sheriff of the County could make $500.00 per month if he would permit the said Paul (Cue) Hooper to handle intoxicating liquor. The Sheriff found the quantities of whisky in the Country Store in the safe. Also found traps where the Defendant told him liquor had been kept. The conduct of the Defend-

ant is in violation of his parole and suspended sentence.'' RR p. 42.

The record shows that prior to the plaintiff in error's conviction in April, 1955, he had operated an establishment in Bradley County known as the Country Store. After his release from jail the Country Store was raided on two occasions and large quantities of whiskey were found each time. On the occasion of one of these raids the Sheriff tried to get the plaintiff in error to open the safe but the plaintiff in error stated that he had sold the place to Jack Hackney and refused to open the safe. It was also shown that the plaintiff in error boasted to the Sheriff that he was in the whiskey business but was not operating in his own name. The plaintiff in error also stated to the Sheriff that he was financing the boys at the Country Store and that these boys would give him $500 per month if the Sheriff would let them alone.

The witness Barger testified that he had been at the Country Store a number of times and Hooper was usually there. It is also shown by Barger that since the conviction in April that he, Barger, had caught cars coming away from the Country Store with whiskey and that the plaintiff in error had called him by phone and said that if he did not quit running his customers off he was going to do something about it. Barger testified specifically with regard to one raid at the Country Store that obviously occurred after Hooper had been released from jail.

The obvious meaning of the notice to Hooper, as amended and above quoted, was that these things that occurred since the conviction and between that time and the time that the notice was given was within the time

when the revocation of the parole could be had if those things had occurred.

On one of these raids on the Country Store the officers found 172 half-pints of whisky in a trap under the floor near a chair where it was testified that Hooper, the plaintiff in error, had been sitting. Following this raid Hooper told Sheriff Barger that a fellow by the name of Moore had tipped off the officers about these traps and that he Hooper was going to get the fellow that had tipped off the officers.

It was also shown over the objection of the plaintiff in error that Bill Terrell had sold whiskey for the plaintiff in error in a place across the road from the workhouse. Terrell testified to this and stated that the plaintiff in error had paid him so much a week to do it. He also said that the plaintiff in error had offered the Sheriff $500 but that the Sheriff was too stupid to take it and too, that Hooper offered him $1,000 to kill the Sheriff. The basis of the objection to this testimony is that it was not specified definitely in the notice to revoke.

The plaintiff in error offered no testimony in his behalf.

■ There are two questions presented by this appeal, (1) whether or not it was error for the trial judge to hear proof to the charges beyond that as given in the notice, and (2) the proof preponderates against the plaintiff in error being guilty of violation of the parole even as to the things stated in the notice.

The gravamen of the notice as is above copied, is that Hooper was engaged in the unlawful liquor business in Bradley County. The notice sets forth a number of details about what he had done and what he had said, etc., but we are satisfied that the proof does not necessarily

have to be restricted to the unlawful handling of liquor in a specific spot. The reference to the Country Store is no more than an illusion to evidence in support of the substance of the charge, that is, the unlawful handling of intoxicating liquor which the proof shows that the plaintiff in error was guilty of and which it shows that he had bragged about doing.

The Advocate General suggests an analogy with the rule which permits proof of any number of violations not barred by the statute of limitations, under an indictment for a misdemeanor. *Holt v. State,* 107 Tenn. 539, 64 S.W. 473. The State contends that it should not be held to a more rigid standard in the notice to revoke a parole than is required in a hearing to determine whether or not one is guilty of a specific misdemeanor. Of course in a misdemeanor case after all the proof is in on motion the State can be required to elect on which it is going to proceed. We think though that clearly in a notice and an order to suspend a revocation the notice does not have to be as strict as it does in the prosecution for a criminal offense.

Probation is conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. The Court under Section 40-2904, T.C.A., "may in his discretion suspend sentence and/or parole such defendant, and his exercise of discretion in such matter shall not be reviewable by the appellate courts." After parole or probation is granted and it is made known to the Court that the parolee has violated or is violating the parole the court then under

162

Section 40-2907, T.C.A. has issued "a notice to such defendant, which notice shall contain in brief form the nature of the charges made against such defendant and shall also require him to appear before the trial judge", at some suitable time and make answer. Thus the defendant is given notice that he has been accused of violating this parole and all that is necessary in this notice is that the defendant has an opportunity to defend the charge against him so that it can be shown whether or not the charge is true and that it has not been inspired by mistake or by malice. All that is required in such notice is that he shall have a chance to say his say before the word of his pursuers is received to his undoing. There is no definite criterion under the statute specifying specifications under the notice but the question is that the defendant be made known generally of what he is to defend so that he can answer. In granting the probation and in suspending the probation the question is whether or not the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. And this rests in the sound discretion of the court. And this discretion of course means that the trial judge will and does exercise a conscientious judgment, not an arbitrary action.

We think unquestionably that the evidence here overwhelmingly shows that by the statements made by the plaintiff in error, the acts that he did and the associations that he had clearly show the flagrant violation of his parole. He had sufficient notice as to what he was to defend and if he had any defense therefor he could have produced it. We think that under all of the circumstances as here shown that the trial judge clearly did what was

his conscientious duty to do, that is revoke the parole of the plaintiff in error.

For the reasons hereinabove stated the judgment below is affirmed with costs.