# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER, 1997 SESSION

FILED

December 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9702-CC-00050 |
| Appellee, | ) | |
| | ) | Blount County |
| vs. | ) | |
| | ) | Honorable D. Kelly Thomas Jr., Judge |
| **DANIEL WILSON,** | ) | |
| | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

SHAWN G. GRAHAM
Assistant District Public Defender
419 High St.
Maryville, TN 37804

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court St.
Maryville, TN 37804-5906

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

Daniel Wilson, the appellant, appeals pursuant to Rule 3 of the Tennessee Rules of Criminal Procedure from the trial court's revocation of his probation. This is his third violation of probation. The gravamen of his complaint is that the trial court abused its discretion in ordering him to serve his sentence in incarceration.

In September, 1993, the appellant entered a guilty plea to two counts of selling a Schedule VI substance (marijuana). He was sentenced to serve an aggregate sentence of one year in the county jail in May of 1994. The court ordered that he serve seven weekends and then serve two years on supervised probation. In addition, the court ordered the appellant to pay two thousand dollars in costs, to perform one hundred hours of public service, to reimburse the Blount Metro Narcotics Unit $305 in lieu of any restitution, and to obtain his G.E.D.

In December of 1995, the appellant conceded that he had violated his probation, and the trial court ordered him to serve 45 days.[1] In April, 1996, he was again cited for a violation of probation for failure to pay probation fees, court costs, and fines. The court ordered that he pay $400 on the costs and fines prior to June 18, 1996.[2] On June 19, 1996, the trial court extended his probationary period for two additional years, ordered that he pay his probation fees in full within two months, and required that he pay $50 per week toward his fines, costs, and restitution. Almost immediately, he once again violated the conditions of his probation by failing to report on July 12, August 7, and August 23. He paid nothing on his court costs, fines, and restitution, and on August 19, a drug screen showed positive for THC. In addition, he had served no community service and had never received his G.E.D. A third revocation hearing was held on October 4, 1996. The appellant once again admitted that he had violated the conditions of his probation.

---

[1] The record does not include the reason for the first revocation proceeding.

[2] The record indicates that the appellant complied with this order.

2

However, in mitigation, he testified that he had been reporting regularly to his probation officer since the first of September, that he was wearing an electronic monitoring device, and that his subsequent drug screens were all negative. He said that he had been working regularly and that he was living with and supporting his wife and child. The trial judge revoked his probation and ordered him to serve the remainder of his sentence.

The decision to revoke probation rests with the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order for a reviewing court to find an abuse of discretion, it must be established that the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's findings, we must examine the record and determine whether the trial court has exercised a conscientious and intelligent judgment that is not arbitrary. State v. Harkins, 811 S.W.2d at 82. In this case, the record unquestionably establishes the grounds for revocation because the appellant unhesitatingly admitted that he had violated several technical conditions of his probation.

Once a violation has been established "the trial court shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered or otherwise in accordance with Section 40-35-310." Tenn. Code Ann. § 40-35-311(d) (Supp. 1996). Once a violation occurs, the court must determine and implement the action which will "subserve the ends of justice and the best interests of both the public and the defendant." State v. David W. Cardwell, No. 03C01-9211-CR-00390, slip op. at 6 (Tenn. Crim. App., Knoxville, June 29, 1993)(quoting Hooper v. State, 201 Tenn. 156, 297 S.W.2d 78, 91 (Tenn. 1956)).

The appellant has demonstrated a disregard for the law by repeatedly

3

violating the conditions of his probation. Although he has not been charged or convicted of another crime, he has continued to disregard the simple requirement to report to his probation officer. He has not sought a G.E.D. as ordered by the court. For more than two years he totally disregarded his obligation to perform community service and made no effort to pay his probation fees, court costs, and restitution until he was in imminent danger of incarceration. The appellant's desire to support his family is to his credit, and his willingness to admit his errors is admirable. Unfortunately, his record does not inspire any confidence in his ability to persist in these worthwhile endeavors, and shorter periods of incarceration have not convinced the appellant of the seriousness of his behavior. The trial court made a conscientious and intelligent decision to revoke the appellant's probation, and the court's order that the appellant serve the balance of his sentence is supported by the record.

We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

_____
JOE B. JONES, Judge

_____
PAUL G. SUMMERS, Judge

4