IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2016 at Knoxville

**STATE OF TENNESSEE v. RICO CORTEZ BEVINS**

**Appeal from the Circuit Court for Montgomery County
No. 41400797     Ross H. Hicks, Judge**

_____

**No. M2015-01922-CCA-R3-CD – Filed June 15, 2016**

_____

The defendant, Rico Cortez Bevins, pleaded guilty to three counts of the sale or delivery of a Schedule II controlled substance, and the Montgomery County Circuit Court sentenced him as a Range II, multiple offender to a term of six years' imprisonment. On appeal, the defendant challenges the manner of service of his sentence. We affirm the convictions and sentence but remand for correction of clerical errors in the judgments.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

M. Joel Wallace, Clarksville, Tennessee, for the appellant, Rico Cortez Bevins.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Timothy Peters, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In February 2014, the Montgomery County Grand Jury charged the defendant with three counts of the sale or delivery of less than 0.5 grams of cocaine, a Schedule II controlled substance. On July 28, 2015, the defendant entered open pleas of guilty to all charges and left sentencing to the trial court's discretion.

At the September 25, 2015 sentencing hearing, the State entered into evidence the defendant's presentence report, which listed three prior felony convictions: two for the sale of cocaine and one for failure to appear.

The defendant testified that he had been employed by "White Hydraulic" for just over one year and that he had recently been given full-time employment there. The defendant stated that he resided with his teenaged children and his girlfriend, who was also the mother of his children, and that he provided all financial support for his family. With respect to his reasons for committing the charged drug offenses, the defendant explained that he was "actually trying to be a provider" but that he "took the wrong road" and was "sorry for those mistakes that [he had] made." The defendant denied that he had been selling a large quantity of cocaine, testifying that he only sold narcotics "[w]henever [he] needed some money" to care for his family and pay his bills.

On cross-examination, the defendant admitted that he had previously received a community corrections sentence, which had been revoked for unspecified reasons.

Tracie Acree, the defendant's girlfriend, testified that she had lived with the defendant since 2010 and that she had lost her job in April because she "called in too late." Ms. Acree confirmed that the defendant was the sole income provider for their household.

Casey Colon, an account manager with White Staffing Management, testified that the defendant had been employed with their company since September 11, 2014, but that he would not begin full-time employment until September 28, 2015. Ms. Colon explained that, when the defendant became a full-time employee, he would no longer be employed by White Staffing Management but would instead be employed by their affiliated company, White Drive Products. Ms. Colon confirmed that the company was aware of the defendant's criminal history and that his history would not affect his employment.

In determining the defendant's sentence, the trial court found as follows:

> [T]he purposes of sentencing, incarceration – the considering of sentencing alternatives are discussed in [T.C.A. section] 40-35-102, and it says that every [d]efendant should be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. Punishment is imposed to prevent crime, promote respect for the law. We are to encourage effective rehabilitation of [d]efendants where reasonably feasible by using alternative sentencing that – and using programs that elicit the voluntary cooperation of a [d]efendant. But we are also to consider in [T.C.A. section] 40-35-103, whether confinement is necessary to protect

society by restraining a defendant who has a long history of criminal conduct? Whether confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others? And we are to consider measures less restrictive than confinement and whether they have frequently or recently been applied unsucessfully to the [d]efendant?

The sentence imposed is supposed to be the least restrictive necessary to achieve the purposes of which the sentence is imposed, and we are to consider obviously the potential risk or lack of potential for rehabilitation or treatment in determining the length of the sentence.

The [c]ourt has a number of alternatives. In this case, the parties are in agreement that the [d]efendant is a multiple offender and therefore, is to be sentenced as a range two offender. And for the three Class C felonies to which the [d]efendant has pled guilty, he is facing a sentence involving incarceration of six to ten years on each count.

The [c]ourt finds that there is at least one mitigating factor to be considered here at least based on the [d]efendant's testimony in terms of his express desire to provide necessities for his family and for himself.

With regard to enhancement factors, the [d]efendant certainly has a history of criminal convictions. He has previously failed to abide by conditions of release.

In considering the particular details that are applicable to his case, he was selling cocaine over a two-day period on three occasions. It is argued that – the [c]ourt is being asked to assume that after behaving himself for seven years or so, that he suddenly reverted to the habit of selling drugs. That would be a pretty – much of a giant leap on the part of the [c]ourt, based on the [d]efendant's testimony, it's obvious this wasn't the first time he had – he was not unfortunate enough to be caught the first time that he had sold these drugs. He had been selling drugs for some period of time by his own admission today. Whether it goes back to the seven years

since he had been out of prison, I don't know? I don't know when it started, but I know it started and this just happens to be the time that he got caught doing exactly the same thing he had been sent to prison for in the first place.

He got a job after he was arrested on these charges and apparently has performed that job well and has managed to stay out of any further difficulty for the last year. One cannot help but wonder what he would do if he lost that job? One cannot help but wonder whether he would at some point, based on his past behavior, simply choose to again supplement his income by resorting to the sale of drugs.

While I am sympathetic to the [d]efendant's plight in trying to care for his family, his children, I cannot take the chance that he's going to simply choose at some point to go about selling drugs again. So the [c]ourt is going to sentence [the defendant] to six years in the Department of Corrections on [c]ount one; six years on [c]ount two; six years on [c]ount three; and those sentences are to run concurrently. . . .

On appeal, the defendant contends that the trial court abused its discretion by sentencing him to six years' imprisonment rather than considering alternative sentencing. The State counters that the record fully supports the trial court's sentencing decision in this case.

Our standard of review of the trial court's sentencing determinations in this case is whether the trial court abused its discretion, but we apply a "presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 706 n.41 (citing T.C.A. § 40-35-210(e)). Under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709.

The imposition of a six-year sentence in this case mandated the trial court's considering probation as a sentencing option. *See* T.C.A. § 40-35-303(a), (b). Traditionally, the defendant has born the burden of establishing his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App.1999); *see* T.C.A. § 40-35-303(b). Such a showing required the defendant to demonstrate that full probation would "'subserve the ends of justice and the best interest[s] of both the public and the defendant.'" *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 297 S.W.2d 78, 81 (1956)), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). Recently, however, the supreme court expanded the holding in *Bise* to the trial court's decision regarding probation eligibility, ruling "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

When a trial court orders confinement and therefore rejects any form of alternative sentencing such as probation, split confinement, or periodic confinement, it must base the decision to confine the defendant upon the considerations set forth in Code section 40-35-103(1), which provides:

> (1) Sentences involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

*Id.*

In the instant case, the record reflects that the trial court considered both enhancement and mitigating factors and based its sentencing decision on the considerations set forth in Code section 40-35-103(1). Specifically, the trial court found that the defendant had a lengthy criminal history, that he had "previously failed to abide

by conditions of release," and that, despite the defendant's efforts to care for his family, the court could not "take the chance" that the defendant would revert to selling drugs. Taking all of this into consideration, we find no abuse of discretion in the trial court's decision to order the defendant to serve his sentence in confinement.

We detect, however, errors that require correction in the judgment forms. The defendant was charged with three counts of the sale or delivery of "a Schedule II controlled substance, to wit: less than 0.5 grams of cocaine," each count of which is punishable as a Class C felony. *See* T.C.A. § 39-17-417(c)(2)(A) ("Any other Schedule II controlled substance including cocaine . . . in an amount of less than point five (0.5) grams, is a Class C felony . . . ."). In sentencing the defendant, the trial court stated that the defendant was facing a potential sentence of six to 10 years for each count "for the three Class C Felonies." All three judgment forms, however, erroneously indicate that the defendant was convicted of Class *B* felonies. We therefore remand the case to the trial court for entry of corrected judgments.

Accordingly, we affirm the convictions and sentence but remand the case for entry of corrected judgments as outlined in this opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE