FILED
04/07/2017
Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 20, 2016 Session

**STATE OF TENNESSEE v. FREDDY LEE PENLEY**

**Appeal from the Criminal Court for Greene County**
**No. 14CR411-12     Alex E. Pearson, Judge by Interchange**

**No. E2015-01960-CCA-R3-CD**

The defendant, Freddy Lee Penley, appeals his Greene County Criminal Court guilty-pleaded convictions of filing a false report and leaving the scene of an accident, claiming that the trial court erred by ordering that he serve his entire three-year sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and Norma McGee Ogle, J., joined.

R.B. Baird, III, Rogersville, Tennessee, for the appellant, Freddy Lee Penley.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Ritchie Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Greene County Grand Jury charged the defendant with one count of filing a false report and one count of leaving the scene of an accident. With the defendant's permission, in lieu of a recitation of facts on the record, the State exhibited to the guilty plea submission hearing a "prosecution report," which document includes the following summary:

> Upon arrival of a vehicle crash at 2475 Smithtown Rd I spoke to Clyde Tweed that stated after the crash the man was leaving the scene. He yelled at him asking if he was alright and the man later identified as Freddy Penley told him he was OK and was leaving. Freddy called into the office later that

day and wanted to report his vehicle stolen and Deputy Brandon Baskette [k]nowing the details of the crash told him before he did that he would need to come talk to me. Freddy waited till the 4th of March to come in and Lt. Terry Rader took the report and placed it in my box.

At the sentencing hearing, the defendant apologized "for misleading or lying or whatever," explaining that he "didn't want to get in trouble is the bottom line on it." The defendant told the court that he "had been drinking all day" on the day of the accident and that he had gotten into his truck to follow "a loud car" that had gone "up and down the road" near his house. He said that he did not want to jeopardize his recently restarted business by garnering another conviction for driving under the influence ("DUI").

At the conclusion of the hearing, the trial court denied all forms of alternative sentencing and imposed a total effective sentence of three years' incarceration. In ordering confinement, the trial court highlighted the defendant's lengthy criminal history, which dated back to 1989, and his previous unsuccessful attempts at sentences less restrictive than confinement. The court also concluded that confinement was necessary to avoid depreciating the seriousness of the offense, which involved the defendant's crashing his vehicle while drunk and then trying to cover it up by filing a false police report, and to deter others from engaging in similar conduct. The court also observed that the defendant's false report had resulted in the waste of limited police time and resources.

In this timely appeal, the defendant contends that the trial court erred by ordering a fully incarcerative sentence. The State argues that the denial of alternative sentencing was appropriate based upon the defendant's criminal history, particularly as it relates to his failure to successfully comply with previous sentences less restrictive than confinement.

Our standard of review of the trial court's sentencing determinations in this case is whether the trial court abused its discretion, but we apply a "presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order

to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 706 n.41 (citing T.C.A. § 40-35-210(e)).  Under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute."  *Id.* at 709.

The imposition of a three-year sentence in this case mandated the trial court's considering probation as a sentencing option.  *See* T.C.A. § 40-35-303(a), (b).  Traditionally, the defendant has born the burden of establishing his "suitability for full probation."  *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b).  Such a showing required the defendant to demonstrate that full probation would "'subserve the ends of justice and the best interest[s] of both the public and the defendant.'"  *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 297 S.W.2d 78, 81 (1956), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000)).  As indicated, however, the supreme court expanded the holding in *Bise* to the trial court's decision regarding probation eligibility, ruling "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence."  *Caudle*, 388 S.W.3d at 278-79.

When a trial court orders confinement and therefore rejects any form of alternative sentencing such as probation, split confinement, or periodic confinement, it must base the decision to confine the defendant upon the considerations set forth in Code section 40-35-103(1), which provides:

> (1) Sentences involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

T.C.A. § 40-35-103(1).

In our view, the record supports the sentencing decision of the trial court. The defendant made the decision to drive after "drinking all day," and when, inevitably, he crashed his truck, he fled the scene. Not satisfied with having driven drunk and leaving the scene of an accident, the defendant continued his spree of poor decision making by telephoning the police department to report that his vehicle had been stolen. Even after he was cautioned about making a police report without speaking to the officer who investigated the accident, the defendant proceeded to file a written report that his vehicle had been stolen. The presentence report indicates that the defendant's probation was revoked on five separate occasions between 1996 and 2006. His criminal history includes drug-related convictions of possession of cocaine, possession of marijuana, and possession of drug paraphernalia and driving-related convictions of first offense DUI, second offense DUI, driving on a suspended license, driving on a revoked license, and speeding. Under these circumstances, we cannot say that the trial court abused its discretion by ordering that the defendant serve his entire sentence in confinement.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE