

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2017

### STATE OF TENNESSEE v. CHARIS LYNN JETTON

**Appeal from the Circuit Court for Fayette County**
**No. 16-CR-47      J. Weber McCraw, Judge**

_____

### No. W2016-02107-CCA-R3-CD

_____

The defendant, Charis Lynn Jetton, pled guilty to voluntary manslaughter and possession of a firearm during the commission of a dangerous felony. Tenn. Code Ann. §§ 39-13-211, 39-17-1324(a). For her respective crimes, the trial court imposed consecutive sentences of seven years and three years in the Tennessee Department of Correction. On appeal, the defendant argues the trial court erroneously denied her request for alternative sentencing as to the voluntary manslaughter conviction. Following our review of the briefs, the record, and the applicable law, we affirm the defendant's seven-year sentence to be served in confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Steven E. Farese, Jr., Ashland, Mississippi, for the appellant, Charis Lynn Jetton.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; D. Mike Dunavant, District Attorney General; and Mark Davidson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

This case arose after the defendant shot and killed her husband, Jack Jetton, on December 16, 2015, in their home in Fayette County, Tennessee. Following her husband's death, the defendant was indicted for one count of second degree murder and

one count of employing a firearm during the commission of a dangerous felony. On August 5, 2016, the defendant pled guilty to voluntary manslaughter and employing a firearm during the commission of a dangerous felony. For the voluntary manslaughter conviction, the State recommended a sentence of seven years as a Range II, standard offender, and a three-year sentence, as a Range I, standard offender, for the employing a firearm conviction. The trial court set a sentencing hearing for September 23, 2016, to determine the manner of service for the recommended sentences.

Prior to sentencing, the defendant filed a notice of mitigating factors. In the notice, the defendant asked the trial court to consider the following mitigating factors:

1. That the Defendant acted under strong provocation;
2. That substantial grounds exist tending to excuse or justify the [d]efendant's criminal conduct, though failing to establish a defense;
3. That the [d]efendant was suffering from a mental condition that significantly reduced her culpability for the offense;
4. That the [d]efendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct;
5. That the [d]efendant has no prior criminal record; [and]
6. That the [d]efendant is not a danger to commit future crimes[.]"

The State did not file a notice of enhancment factors against the defendant.

The evidence at the sentencing hearing revealed that on December 16, 2015, the defendant and her husband, the victim, got into an argument about dinner when he came home from work.[1] According to the defendant, while in the kitchen, her husband bent her hand backwards and pushed her into the wall. He then sat down on a barstool, and the defendant reached into a kitchen cabinet, removed a gun from its case, and shot him in the chest. After shooting her husband, the defendant went upstairs and called 911. The couple's three children were inside the home during the shooting.

Captain Phil Drewey of the Fayette County Sheriff's Office investigated the victim's death and testified at the defendant's sentencing hearing. Captain Drewey stated that the defendant confessed to shooting her husband at a distance of no more than six to eight feet. The defendant admitted that she was not in fear for her life or in fear of imminent bodily injury when she shot her husband.

---

[1]Evidence in the record indicates the defendant and the victim divorced in 2008. However, at the time of the shooting, the two were living together.

At the sentencing hearing, the defense provided evidence suggesting the defendant had been subject to years of abuse from her husband and also suffered from a mental illness. Specifically, the defense offered two psychological evaluations of the defendant which indicated she likely suffered from schizoaffective disorder. The defense also presented evidence of domestic abuse reports filed by the defendant against the victim while they lived in Michigan.

At the conclusion of the hearing, the court adhered to the recommendations of the State and sentenced the defendant to seven years for the voluntary manslaughter conviction and three years for the employing a firearm conviction. The court denied the defendant's request for alternative sentencing and ordered the sentences to be served in the Tennessee Department of Correction. This appeal followed.

## ANALYSIS

On appeal, the defendant argues the trial court erred in denying her request for an alternative sentence for her conviction of voluntary manslaughter. The State contends the trial court properly exercised its discretion in denying the defendant's request. After our review, we agree with the State.

It is well-settled that this Court reviews within-range sentences and alternative sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Once the trial court has determined the appropriate sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40-35-210(a), (d); *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). When determining a defendant's sentence and the appropriate combination of sentencing alternatives, trial courts are to consider the following factors:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's
own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210(e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

The 2005 revised sentencing statutes advise that a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40–35–102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). No criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40–35–303(b)). The defendant must show that the alternative sentencing option imposed "will subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds, State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000).

Before imposing a sentence of full confinement, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn.

Code Ann. § 40-35-103(2), (4). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts.

Prior to denying the defendant's request for an alternative sentence, the trial court considered the pre-sentence report, evidence presented at the plea and sentencing hearings, the victim statements, and the applicable mitigating and enhancement factors. The trial court noted that no enhancement factors applied to the defendant, and specifically reviewed the mitigating factors suggested by the defendant in her notice. Upon its review of the same, the trial court did not find that the defendant acted under strong provocation, that the defendant was justified in her conduct, or that the defendant failed to maintain a sustained intent to violate the law. However, the trial court did find the defendant's lack of prior criminal history weighed in her favor.

Next, the trial court considered the statutory principles which support a sentence of confinement. In doing so, the trial court acknowledged the defendant did not have a prior criminal history and measures less restrictive than confinement had not been applied to her. Tenn. Code Ann. § 40-35-103(1)(A), (C). Therefore, the trial court found nothing in the record suggested the defendant could not be rehabilitated or abide by the terms of probation. Tenn. Code Ann. § 40-35-103(5). For the same reason, the court found confinement was not necessary to protect the interests of society from future criminal activity. Tenn. Code Ann. § 40-35-103(1)(A).

However, in considering an alternative sentence as it related to the seriousness of the offense and the criminal conduct of the defendant, the trial court emphasized that the defendant's conduct resulted in the death of her husband. Tenn. Code Ann. § 40-35-103(1)(B). The court stated:

> Next is whether or not a sentence of full probation would unduly depreciate the seriousness of the offense, that's one that's troubling to the Court. There is a death of a person here and I understand the argument that there were issues within the family but there are ways to resolve family problems other than pulling a gun and shooting someone at close range. So the Court puts great emphasis on how probating this sentence could depreciate the seriousness of the offense.
>
> And then the next factor is whether or not confinement is particularly suited to provide an effective deterrent to others. We're all aware domestic violence is a huge problem. There needs to be some deterrent to domestic violence. There also needs to be a deterrent that you

cannot resolve domestic violence issues by pulling a gun and shooting someone. So, those two, the Court places great emphasis on.

Relying substantially on the above factors, the trial court ordered the seven-year sentence for voluntary manslaughter to be served in confinement. Tenn. Code Ann. § 40-35-103(1)(B).

As a result, the defendant now argues the trial court improperly ordered confinement as necessary to avoid depreciating the seriousness of the offense without making the requisite finding that the offense was "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an exaggerated degree." *State v. Bottoms*, 87 S.W.3d 95, 103 (Tenn. Crim. App. 2001). However, this Court has previously "question[ed] the continued validity of the proposition that [denying an alternative sentence in order to avoid depreciating the seriousness of the crime] requires that the circumstances of the offense 'as committed, be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree.'" *State v. Delavan Beniamin Mohammed*, No. M2011-02552-CCA-R3-CD, 2013 WL 1874789, at *6 (Tenn. Crim. App. May 3, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013) (quoting *Bottoms*, 87 S.W.3d at 103). Regardless, the record shows the defendant shot her husband at point blank range after an argument about dinner while three of their children were in the home. The defendant admitted at the time of the shooting, she was not in fear of imminent bodily injury or in fear for her life. These facts alone justify the application of the "depreciating the seriousness of the offense" factor. As such, the trial court's determination was within the discretion of the court and we will not disturb it on appeal. *See State v. Edward Shannon Polen*, No. M2012-01811-CCA-R3-CD, 2014 WL 1354943, at *8 (Tenn. Crim. App. Apr. 4, 2014), *perm. app. denied* (Tenn. Aug. 29, 2014) ("Although the trial court did not use the specific words referred to in *Bottoms,* the trial court's order makes clear that it found the [d]efendant's conduct to be outrageous and deserving of incarceration.").

Next, the defendant argues the trial court improperly ordered confinement as necessary to provide an effective deterrence to others absent evidence in the record detailing "domestic violence issues in Fayette County" or "domestic violence victims shooting their abusers." We first note that proof of deterrence would be necessary if the trial court relied solely on the deterrence factor in denying the defendant's request for an alternative sentence. However, as outlined above, the court also relied on the "depreciating the seriousness of the offense" factor in denying the defendant's request, and stressed the importance of deterring others from resorting to gun violence during domestic disputes. In looking at the record as a whole, the trial court's general comments regarding the need to deter domestic violence are sufficient to support its sentencing. *See*

*generally State v. Hooper*, 29 S.W.3d 1, 10 (Tenn. 2000). Accordingly, this argument is without merit.

The trial court did not err in denying alternative sentencing based on its determination that the defendant's incarceration would avoid depreciating the seriousness of the offense and provide an effective deterrence to others. Further, the record reflects the trial court properly considered the relevant purposes and principles of Tennessee's sentencing statutes and imposed a sentence within the applicable range for the defendant's Class C felony offense of voluntary manslaughter. The trial court then made the requisite findings on the record in support of its ruling. Accordingly, the trial court did not abuse its discretion and we affirm the seven-year sentence in the Tennessee Department of Correction imposed by the trial court.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE