IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2021

**STATE OF TENNESSEE v. JOSEPH DONALD MCINTIRE**

**Appeal from the Criminal Court for Cumberland County**
**No. 2020-CR-33A   Gary McKenzie, Judge**

_____

**No. E2020-01483-CCA-R3-CD**

_____

The defendant, Joseph Donald McIntire, pled guilty to attempted introduction of contraband into a penal facility and, after a sentencing hearing, the trial court imposed a sentence of eight years in confinement. On appeal, the defendant argues that the trial court abused its discretion in enhancing his sentence to eight years and requiring that he serve the entirety of his sentence in confinement. Upon our review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

James N. Hargis, Sparta, Tennessee, for the appellant, Joseph Donald McIntire.

Herbert H. Slatery III, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Philip A. Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The defendant was indicted for one count of introduction of contraband into a penal facility and, pursuant to a plea agreement, pled guilty to said charge. The record suggests the parties were under the impression that the charged offense was a Class D felony when in actuality it was a Class C felony. At the onset of the sentencing hearing, defense counsel informed the court that it was sentencing the defendant on a Class D felony, and the

judgment indicates the offense of conviction as attempted introduction of contraband, a Class D felony. We presume there was some agreement amongst the parties to amend the defendant's plea that is not apparent from the record before us.

The transcript of the guilty plea hearing is not included in the record on appeal; therefore, we glean the factual background giving rise to the plea from the presentence report. The official version of events provided that in June 2019, Sarah Turner, an inmate of the Cumberland County Jail, received mail that contained a white powder substance. The envelope bore the defendant's name with return address. Investigator Jon Wirey of the Cumberland County Sheriff's Department listened to recorded jailhouse calls between Ms. Turner and the defendant in which the two discussed the defendant's "mailing a pill" to Ms. Turner by "placing the pill in a picture."

The presentence report also contained the defendant's version of events. According to the defendant, Ms. Turner, his girlfriend, "begged" him to send her "medicine" because "she was withdrawing from not having anything." The defendant claimed that he "didn't feel comfortable [and] didn't want a[n] introduction charge," but he ultimately "got upset [and] sent it just to get her to stop askin[g]." Officers intercepted the mail and found an "envelope with [the defendant's] name on it with a Percocet 10mg 325 crushed up in between pictures." The defendant asserted that he and Ms. Turner were "no longer a couple" and that he had "not been in any trouble" since she had been out of his life. The defendant also averred that he "completed CPS probation on July 16, 2020."

At the sentencing hearing, Dannon Stickler, a probation officer with the Tennessee Board of Probation and Parole, testified that he prepared the defendant's presentence report, and it was entered into evidence during his testimony. Certified copies of the defendant's eleven prior judgments of conviction were also introduced into evidence. Officer Stickler recalled that the defendant "had opportunities in which he has violated his probation, one in which he was revoked to serve." He also recalled that the defendant was subjected to a drug screen during the preparation of the report, and he tested positive for methamphetamine and amphetamines. The defendant admitted to having used drugs the night before.

Investigator Jason Elmore with the Cumberland County Sheriff's Department testified that his primary job duty was narcotics investigations, and he noted that it was a frequent occurrence for individuals to try to get controlled substances into the Cumberland County Jail. He recalled that in June 2019, a corrections officer at the jail brought it to his attention that Sarah Turner "was calling around trying to get people to send in narcotics through the mail to her while she was in custody." Investigator Elmore was able to determine that it was the defendant who Ms. Turner was contacting outside the jail trying to get the drugs, and Investigator Elmore obtained recordings of phone calls between the

two. Investigator Elmore was also aware that corrections officers intercepted two letters from the defendant to Ms. Turner. The letters contained multiple photographs, two of which had "false pocket[s] behind the pictures" that held a white substance, later identified as 0.5 grams of Oxycodone. When investigators confronted the defendant, he admitted he sent the letters.

In his allocution, the defendant said he was the only caregiver for his elderly, disabled mother. He claimed that he had not been in trouble since he had been away from Ms. Turner and that he had "completed one of your programs, or probation . . . as of July." He maintained he was trying to be a better person.

After hearing the arguments of counsel, the trial court first observed that the defendant was a Range II offender, which subjected him to a sentence of four to eight years. The court then considered and weighed the relevant enhancement and mitigating factors, after which it imposed a top-of-the-range sentence of eight years. The court determined a sentence of full incarceration was appropriate.

*Analysis*

The defendant argues the trial court abused its discretion in enhancing his sentence to eight years and requiring him to serve the entirety of his sentence in confinement. The State responds that the trial court expressly considered the purposes and principles of the sentencing act and imposed a within-range sentence after determining that the enhancement factors outweighed the mitigating factors and that substantial evidence supported the trial court's findings regarding the need for confinement. We agree with the State.

It is well settled that this Court reviews within-range sentences and alternative sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Once the trial court has determined the appropriate sentencing range, it "is free to select any sentence within the applicable range." *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-210(d)). When determining a defendant's sentence and the appropriate combination of sentencing alternatives, trial courts are to consider the following factors:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. *Id.* § 40-35-210(e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

In imposing the maximum sentence in the range, the trial court determined that the defendant had a previous history of criminal convictions or behavior in addition to that necessary to establish the range, and that he was a leader in the commission of an offense involving two or more criminal actors. *See* Tenn. Code Ann. § 40-35-114(1), (2). The record shows that two of the defendant's prior felonies were used to establish his range; therefore, his nine remaining convictions, including one felony, were used to increase the length of his sentence. The trial court placed "great weight" on the defendant's criminal history. Additionally, the court considered the defendant's drug use during the presentence investigation period as criminal behavior to support enhancement. As to the defendant's being a leader in the commission of an offense involving two or more criminal actors, the trial court observed, "he is the one outside of the jail who is sending, and having to go and acquire the drug, and package it and send it in[.]" Although applicable, the court attributed less weight to this factor.

With regard to mitigating factors, the trial court noted that the defendant's conduct did not cause or threaten serious bodily injury, *see* Tenn. Code Ann. § 40-35-113(1), but gave the factor little weight. The court also considered the defendant's cooperation with law enforcement under the catchall mitigating factor, *see id.* § 40-35-113(13), but found that "it doesn't really move the needle much" because "law enforcement put[] a good case together . . . [and] I don't know what his other alternative was."

- 4 -

The defendant argues that the trial court "placed too much weight on enhancement factors and too little weight on mitigating factors." He specifically contends that the court "overemphasized" his prior convictions, which were mostly non-violent, as well as his positive drug screen, and gave insufficient weight to his allocution and cooperation with law enforcement.

The record shows the trial court imposed a within-range sentence in full compliance with the purposes and principles of the sentencing act and is, therefore, entitled to a presumption of correctness. "[M]ere disagreement with the trial court's weighing of the properly assigned enhancement and mitigating factors is no longer a ground for appeal." *Bise*, 380 S.W.3d at 706. The defendant is not entitled to relief.

Turning to the defendant's claim that the trial court erred in imposing a sentence of full confinement, we note that the 2005 revised sentencing statutes advise that a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). However, no criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)). The defendant must show that the alternative sentencing option imposed "will subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000).

Before imposing a sentence of full confinement, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103 (1)(A)-(C).  In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe measure necessary to achieve the purposes for which the sentence is imposed."  *Id.* § 40-35-103(2), -103(4).  Furthermore, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed."  *Id.* § 40-35-103(5).  The party appealing a sentence bears the burden of establishing that the sentence was improper.  *Id.* § 40-35-401, Sentencing Comm'n Cmts.

In imposing a sentence of incarceration, the trial court found that confinement was necessary to protect society due to the defendant's long history of criminal conduct, and that measures less restrictive than confinement had frequently or recently been applied, citing the defendant's previous probation revocations.  The presentence report reflects eleven prior convictions, including three felonies, dating back to 1996.  The report also reflects a number of violations of probation issued against the defendant.  Based on the foregoing, the trial court was within its discretion in imposing a sentence of confinement.

## *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE