FILED

06/15/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs April 29, 2020

**STATE OF TENNESSEE v. EARL HAROLD CRISP**

**Appeal from the Criminal Court for Knox County**
**No. 114159    G. Scott Green, Judge**

_____

**No. E2019-01223-CCA-R3-CD**

_____

After presenting with a criminal record that consists of 21 prior felony convictions and 16 prior misdemeanor convictions, Defendant, Earl Harold Crisp, appeals the trial court's refusal to grant an alternative sentence despite his eligibility for probation. Because the trial court did not abuse its discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Eric Lutton, District Public Defender; and John Halstead, Assistant Public Defender, for the appellant, Earl Harold Crisp.

Herbert H. Slatery III, Attorney General and Reporter; Renee Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October of 2018, Defendant was indicted by a Knox County grand jury of two counts of burglary and two counts of theft. Defendant pled guilty to the charges with an agreed upon sentence of eight years, as a Range III, Persistent Offender, for each burglary conviction and eleven months and twenty-nine days for each of the theft convictions. The plea agreement provided that all sentences were to be served concurrently, for a total effective sentence of eight years. The manner of service of the sentences was to be determined by the trial court at a sentencing hearing.

At the guilty plea hearing, Defendant agreed that he and a codefendant burglarized Young Williams Animal Shelter by breaking out a glass door and stealing an iPad and cash from donation jars. Defendant also agreed that he and a codefendant burglarized the Humane Society of the Tennessee Valley by breaking out a glass window and stealing cash, a donation box of cash, and two laptops.

At the sentencing hearing, a representative from the animal shelter read to the trial court a victim-impact statement detailing the impact of Defendant's actions on the nonprofit organization and the animals at the shelter where the break-in took place. The trial court noted that Defendant, who was 42 years old, had 21 prior felony convictions and 16 prior misdemeanor convictions, including violations of probation. Defendant was classified as "moderate risk" by State Probation but was found not to be an appropriate candidate for an alternative sentence by "Enhanced" probation and the Community Alternatives to Prison Program ("CAPP"). Defendant also had a history of drug use, including "meth." Counsel for Defendant acknowledged Defendant's extensive criminal history but explained that Defendant was "attempting hard at the age of 42 to change his behavior and not commit crimes anymore." Counsel explained that Defendant's fiancée was present at the hearing and that she was supportive of Defendant's efforts at rehabilitation.

Defendant, without being placed under oath and subjected to cross examination by the State, explained to the trial court that he "did 20 years" in prison, going in "as a kid." He admitted that he had a "hard transition coming out after doing 20 years in that place" but claimed that he had "been clean for months, and [had] a good foundation." Defendant was about to get married, had his son in his life, and had a grandchild. He expressed remorse for his actions and a desire "to make it right."

The trial court noted the majority of Defendant's prior felony convictions seemed to stem from the "bad habit of finding other people's property before it's lost." The trial court denied an alternative sentence. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant complains that the trial court abused its discretion by denying him an alternative sentence, focusing primarily on his prior record. The State disagrees.

Although the trial court is required to automatically consider probation as a sentencing option, *see* Tennessee Code Annotated section 40-35-303(b), no criminal defendant is automatically entitled to probation as a matter of law, *see State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). It is the defendant's burden to establish his or her

suitability for full probation. *See State v. Carter*, 254 S.W.3d 335, 345-347 (Tenn. 2008) (citing T.C.A. § 40-35-303(b)). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations, which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. T.C.A. § 40-35-102(5). Our supreme court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

Here, the trial court determined that Defendant had a long history of criminal conduct. Defendant has been unsuccessful in completing an alternative sentence multiple times. Despite Defendant's desire to make his life better and promises that he would abide by the terms of a probationary sentence, the trial court did not abuse its discretion in denying an alternative sentence. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

TIMOTHY L. EASTER, JUDGE